UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

OLGA REYES DOMINGUEZ,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Petitioner,　　　　　　　　)　　　　Civil Action No. 4:26-CV-448-CHB
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　　　　　**ORDER**
　　　　　　　　　　　　　　　　　　　　)
SAMUEL OLSON,　　　　　　　　　　　　)
Field Office Director, Chicago Field　　　　)
Office, Immigration and Customs　　　　　　)
Enforcement, in his official capacity, *et al.*,　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Respondents.　　　　　　　　)

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 With Emergency Application for Temporary Restraining Order, [R. 1]. The respondents have filed a response, [R. 7], and Petitioner replied. [R. 8]. For the reasons set forth herein, the Court will deny the petition.

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, the petitioner bears the burden of proving by a preponderance of the evidence that his or her detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

In the present case, Petitioner challenges her continued detention and alleges violations of the Immigration and Nationality Act (Count I), the Due Process Clause of the Fifth Amendment

(Count II), and the Fourth Amendment (Count IV). [R. 1, pp. 22–23, 25]. She also asks the Court to enjoin the respondents from transferring her outside the Court's jurisdiction pending resolution of her petition (Count III). *Id.* at 24. As to this count, she requests a temporary restraining order. *Id.* at 24–25.

As for Counts I and II, Petitioner alleges that she has been erroneously detained without a bond hearing since June 24, 2026, pursuant to 8 U.S.C. § 1225. *Id.* at 2–3, 18–21. However, Respondents contend that Petitioner is and has been detained under 8 U.S.C. § 1226 and is therefore entitled to a bond hearing pursuant to the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), which was issued prior to Petitioner's detention. The record, however, does not reflect that Petitioner has exhausted the available administrative remedies even though Petitioner's arrest and detention occurred after *Lopez-Campos*, and Respondents concede that 8 U.S.C. § 1226(a) applies to Petitioner. That is, Petitioner has never requested a bond hearing before an immigration judge. The Court must therefore consider whether Petitioner should exhaust these administrative remedies prior to seeking habeas relief.

To determine whether prudential exhaustion should be required, courts within this circuit have applied the three-factor test, as set forth in *United States v. California Care Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983). *See Lopez-Campos v. Raycraft*, 797 F. Supp. 771, 778 (E.D. Mich. Aug. 29, 2025). Under that test, prudential exhaustion may be required when:

> (1)    agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
> (2)    relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
> (3)    administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (citing *Shweika v. Dep't of Homeland Sec.*, No. 1:06-CV-11781, 2015 WL 6541689, at *12 (E.D. Mich. Oct. 29, 2015)).

Since the Sixth Circuit issued its decision in *Lopez-Campos*, Respondents have indicated their commitment to apply that law and provide bond hearings to detainees like Petitioner, who are detained under § 1226. And on the current record, there is nothing to suggest that administrative review of the controlling legal question of whether Petitioner is entitled to bond would not result in an agency decision consistent with that law. Therefore, exhaustion is not futile in this case, at least regarding Counts I and II, and Petitioner must exhaust her administrative remedies by seeking a custody redetermination hearing before an immigration judge. The Court will therefore deny the petition as to Counts I and II.

Regarding Count IV, Plaintiff alleges that she was arrested by Immigration and Customs Enforcement officers after being pulled over for a traffic stop, but it is not clear why she was first pulled over, and she therefore argues that the initial stop was unlawful. [R. 1, pp. 21–22]. As a result, she argues, her detention is unlawful, and she seeks immediate release. *Id.* However, the law is clear that, even assuming a Fourth Amendment violation occurred (which is not at all apparent on the current record), that violation does not warrant release. *See Buriev v. Warden, GEO, Broward Transitional Center*, 2025 WL 27663202, at *3 (S.D. Fla. Sep. 26, 2025) (collecting cases). As one district court has explained, "'the only relief available on habeas corpus is immediate release or discharge from the custody complained of,'" *id.* (quoting *Simmons v. United States*, 437 F.2d 156, 157 (5th Cir. 1971)), and as a result, "courts have long recognized that an unlawful arrest, by itself, doesn't warrant release." *Id.* (citations omitted). As such, and because Petitioner has not shown that the allegedly improper traffic stop makes her custody unlawful, the Court will deny the petition as to Count IV. *See id.* (ruling similarly where the petitioner alleged that his detention was unlawful because Customs and Border Patrol officials arrested him without a warrant in violation of his Fourth Amendment rights).

Because the Court is denying the petition as to Counts I, II, and IV, the Court finds that

Petitioner's request for an injunction to prevent her transfer outside of this Court's jurisdiction is moot. The Court will therefore deny the petition as to Count III and the request for a temporary restraining order.

Accordingly, the Court being sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1.  The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 With Emergency Application for Temporary Restraining Order, [**R. 1**], is **DENIED**.

2.  This matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

3.  A separate judgment shall issue.

This the 16th day of July, 2026.

*Claria Horn Boom*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

4